SEISMOGRAPH SERVICE CORPORATION, et al. *v.* BARNETT

No. 43723 December 6, 1965 180 So. 2d 918

*W. Vol Jones, Sr., and W. Vol Jones, Jr.,* Waynesboro; *Wells, Thomas and Wells,* Jackson, for appellants.

*Kenneth E. Bullock,* Laurel; *Stanford Young,* Waynesboro, for appellee.

JONES, J.

Appellee, Mrs. S. C. Barnett, sued appellants, Seismograph Service Corporation and Skelly Oil Company, in the Circuit Court of Wayne County, alleging damages to her property negligently inflicted in making exploratory tests in an effort to learn whether oil might reasonably be expected to be found under her land or in its vicinity.

Skelly Oil Company had an oil, gas and mineral lease which authorized such tests upon her property, and in making the tests, Seismograph acted under contract with and authorization by Skelly.

In her declaration appellee sought $9,000 for the following alleged items of damages: (1) The tearing down of three gaps and fence in several places and allowing cattle to go in and out; (2) the shooting of explosives near her water well causing it to go dry, making it necessary to drill another well, and the inconvenience of having to haul water about one mile, for the period March 1st until the last of October until appellee was financially able to have a new well drilled; (3) the destruction of 150 pine trees and damage to many more; (4) the erosion of the soil; and (5) the worry from the inconvenience and loss of her well which is alleged to have caused serious damage to her health.

In response to a motion to be more specific, appellee filed a bill of particulars in which it was charged:

1. The cost of the replacement of the water well damaged, as aforesaid was $296.64, plus $25.75, additional repair, as a result of the negligence of the defendants.

2. The inconvenience and expense of having to haul water from March until October, she charges $10.00 a day, or approximately $2,400.00.

3. The 150 pine trees that were destroyed, your plaintiff charges $10.00 per tree, or $1,500.00.

4. The rutting of her property, the tearing down of her fences, the tearing down of her gaps and the inconvenience and damage caused by letting cattle to and fro about her property, she charges the sum of $1,000.

5. For her damage to her health and nerves, she charges $3,777.61.

The jury returned a verdict for $5,000. A motion for a new trial was made. The court required a remittitur of $2400 or the motion would be sustained. When the remittitur was entered the motion was overruled and from this judgment of $2600 this appeal arises.

On the trial the only evidence offered to show that appellants destroyed the water well was that an explosive was detonated below the surface about 500 feet from the well and that thereafter the well stopped producing.

At the conclusion of the evidence, appellants requested the following instruction:

> The court instructs the jury for the defendants that under the evidence in this case, you cannot find for the plaintiff any amount for alleged injuries to the water well, or for trouble or expense gone to by the plaintiff in replacing the water well or for hauling water, or for injuries alleged to have been incurred to her health as a result of hauling water.

 █ All the items of damage mentioned in said instruction were alleged to be the result of the destruction of the water well. Based upon numerous prior decisions of this Court, we have held that proof as here offered is insufficient to meet the burden placed upon a plaintiff in an action such as this. Western Geophysical Co. v. Martin, 253 Miss. 14, 174 So. 2d 706 (1965); Continental Oil Co. v. Hinton, 253 Miss. 233, 175 So. 2d 512 (1965). Therefore, the above instruction should have been given and it was error to refuse it.

 █ On the trial, evidence was offered to show that appellants exceeded their privilege and needlessly and carelessly injured and damaged gaps, fences, young pines, and perhaps other surface items, but no effort was made to prove the amount of such damages in accordance with the rules of law re-announced in Chevron Oil Co. v. Snellgrove, 253 Miss. 356, 175 So. 2d 471 (1965).

Since by its verdict the jury found the appellants had negligently operated, we affirm as to liability and reverse the case for a new trial on the question of damages only, specifically holding there was no damage shown to have been done by appellants to appellee's water well and this issue and the alleged results therefrom should not be resubmitted on the new trial.

Reversed and remanded for a new trial on question of damages only.

*Lee, C. J., and Patterson, Inzer and Smith, JJ.,* concur.