GILLESPIE, Presiding Justice:
The question in this case is whether there was any proof of causal connection between the alleged wrongful act of the defendant and the damage to plaintiffs’ water wells. Consistent with recent decisions directly in point, we hold that the plaintiffs failed to establish causal connection.
The plaintiffs own land on which there are two residences and two water wells. They filed suit against defendant charging that it negligently conducted seismographic operations, including underground detonations of explosives, on property near that of the plaintiffs, and as a result, plaintiffs’ two water' wells were caused to cave in and be completely destroyed.
The proof showed that defendant detonated a fifty-pound charge of nitromen, an explosive somewhat weaker than dynamite, at a depth of ninety feet, and a distance of 700 feet from plaintiffs’ water wells. One of the water wells was originally drilled to a depth of thirty-six feet, and the other to a depth of eighteen feet. The deeper well was operated by an electric pump, and the other was operated by bailing with a bucket. Plaintiffs testified that the wells were muddy after defendant’s seismographic operation, and thereafter, the water was either unfit to use or the wells would not produce water. The proof on behalf of defendant by competent witnesses was that the explosive was detonated in a formation below the water-bearing sands, and did not damage the water wells. There is considerable proof that the time the wells failed to produce water was during a dry spell, and that at the time of trial, the wells were producing normal amounts of water.
Plaintiffs’ case is predicated upon the relative coincidence of the two events, the explosive being detonated on neighboring land and the malfunctioning of the wells, plus the assumption that the former caused the latter. It is not necessary to detail the evidence or to state the réasoning underlying the numerous recent decisions of this *632 Court holding that evidence essentially the same as that involved in the present case is insufficient to make a jury issue. Seismograph Service Corp. v. Barnett, 180 So.2d 918 (Miss.1965); Continental Oil Co. v. Hinton, 175 So.2d 512 (Miss.1965); Chevron Oil Co. v. Snellgrove, 175 So.2d 471 (Miss.1965); Western Geophysical Co. of America v. Martin, 174 So.2d 706 (Miss.1965).
The judgment of the lower court is reversed and judgment entered here for the defendant-appell ant.
Reversed and rendered.
JONES, PATTERSON, SMITH and ROBERTSON, JJ., concur.